Edwin W.F. DYER, III; Anne E. Summers; Don Morrison; and the class of similarly situated persons, Plaintiffs,

v.

**NORTHWEST AIRLINES CORPORATIONS, and Northwest Airlines, Inc., Defendants.**

No. A1–04–33.

United States District Court, D. North Dakota, Southwestern Division.

Sept. 8, 2004.

Sarah M. Vogel, Courtney Koebele, Wheeler Wolf Law Firm, Bismarck, ND, for Plaintiffs.

Sarah Andrews Herman, Dorsey & Whitney, Fargo, ND, Thomas Tinkham, Dorsey & Whitney LLP, Minneapolis, MN, for Defendants.

## ORDER

HOVLAND, Chief Judge.

Before the Court is the Defendants' Motion to Transfer Venue, to Stay, or in the Alternative, to Dismiss Proceedings under Rule 12(b)(6) filed on May 12, 2004. For the reasons set forth below, the Defendants' Motion to Dismiss is GRANTED.

## I. BACKGROUND

Following September 11, 2001, the National Aeronautical and Space Administration ("NASA") requested system-wide passenger data from Northwest Airlines for a three-month period in order to conduct research for use in airline security studies. Northwest Airlines complied and, unbeknownst to its customers, provided NASA with the names, addresses, credit card numbers, and travel itineraries of persons who had flown on Northwest Airlines between July and December 2001.

The discovery of Northwest Airlines' disclosure of its customers' personal information triggered a wave of litigation. Eight class actions—seven in Minnesota and one in Tennessee—were filed in federal court prior to March 19, 2004. The seven Minnesota actions were later consolidated into a master file.

The Plaintiffs initiated the above-entitled action in state court in North Dakota on March 19, 2004. The complaint alleges that Northwest Airlines' unauthorized disclosure of customers' personal information constituted a violation of the Electronic Communications Privacy Act ("ECPA"), 18 U.S.C. §§ 2702(a)(1) and (a)(3), and a breach of contract. Northwest Airlines promptly removed the action to this Court and on May 12, 2004, filed a Motion to Transfer Venue, to Stay, or in the Alternative, to Dismiss Proceedings Under Rule 12(b)(6) of the Federal Rules of Civil Procedure. In its motion, Northwest Airlines requested that the action be transferred to Minnesota or, in the event that a transfer was deemed inappropriate, a stay be granted pending resolution of the consolidated case in Minnesota. In the alternative, Northwest Airlines contends the action should be dismissed for failure to state a claim upon which relief could be granted.

On May 28, 2004, the Plaintiffs filed a motion to stay proceedings in anticipation of a ruling by the Judicial Panel on Multi-District Litigation on a motion to consolidate all similar cases nationwide. Finding a stay unwarranted, the Court denied the motion and directed the Plaintiffs to file a response to Northwest Airlines' motion by August 12, 2004. The motion is now ripe for the Court's consideration.

## II. LEGAL DISCUSSION

Northwest Airlines requested that the Court stay the above-entitled action pending a resolution of the consolidated cases in Minnesota. The Minnesota federal district court's dismissal of the actions on June 26, 2004, obviates the need for a stay. See *In re Northwest Airlines Privacy Litigation*, No. Civ. 04–126 (PAM/JSM), 2004 WL 1278459 (D.Minn. June 6, 2004). Northwest Airlines also requested the Court to either transfer or dismiss the above-entitled action. For the reasons set forth below, the Court grants Northwest Airlines' motion to dismiss.

### A. STANDARD OF REVIEW

When considering a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure, the Court must accept all of the factual allegations set out in the complaint as true and construe the complaint in a light most favorable to the plaintiff. *Faibisch v. University of Minnesota*, 304 F.3d 797, 802 (8th Cir. 2002). Judgment on the pleadings is appropriate where no material issue of fact remains to be resolved and the movant is entitled to judgment as a matter of law. Thus, the Court will dismiss a complaint for failure to state a claim only if it appears beyond doubt that the plaintiff can prove no set of facts in support of their claim which would entitle them to relief.

### B. ELECTRONIC COMMUNICATIONS PRIVACY ACT

The Electronic Communications Privacy Act (ECPA) provides in relevant part that, with certain exceptions, a person or entity providing either an electronic communication service or remote computing service to the public shall not:

- knowingly divulge to any person or entity the contents of a communication while in electronic storage by that service (18 U.S.C. § 2702(a)(1)); and
- knowingly divulge a record or other information pertaining to a subscriber to or customer of such service ... to any governmental entity (18 U.S.C. § 2702(a)(3)).

In its complaint, the Plaintiffs asserted claims under both 18 U.S.C. §§ 2702(a)(1) and (a)(3) of the ECPA.[1] The plaintiffs have conceded no claim exists under 18 U.S.C. § 2702(a)(1). See Plaintiff's Memorandum of Law, p. 9. Consequently, the Court's focus will be directed at the Plaintiffs' ability to sustain a claim against Northwest Airlines under 18 U.S.C. § 2702(a)(3). To sustain a claim under 18 U.S.C. § 2702(a)(3), the Plaintiffs must establish that Northwest Airlines provides either electronic communication services or remote computing services. It is clear that Northwest Airlines provides neither.

The ECPA defines "electronic communication service" as "any service which provides the users thereof the ability to send or receive wire or electronic communications." 18 U.S.C. § 2510(15). In construing this definition, courts have distinguished those entities that sell access to the internet from those that sell goods or services on the internet. 18 U.S.C. § 2702(a)(3) prescribes the conduct only of a "provider of a remote computing service or electronic communication service to the public." A provider under the ECPA is commonly referred to as an internet service provider or ISP. There is no factual

---

**1.** The ECPA was passed in 1986 during the very early stages of electronic communications development, and long before the widespread use of the internet. It amended the Omnibus Crime Control and Safe Streets Act of 1968 ("Title III") and the Federal Wiretap Act by extending to data and electronic transmissions the same protections afforded oral and wire communications. *In Re Pharmatrak*, 329 F.3d 9, 18 (1st Cir.2003).

allegation that Northwest Airlines, an airline that sells airline tickets on its website, provides internet services.

Courts have concluded that "electronic communication service" encompasses internet service providers as well as telecommunications companies whose lines carry internet traffic, but does not encompass businesses selling traditional products or services online. See *In re DoubleClick Inc. Privacy Litig.*, 154 F.Supp.2d 497, 511, n. 20 (S.D.N.Y.2001); *In re Northwest Airlines Privacy Litig.*, No. Civ. 04–126 (PAM/JSM), 2004 WL 1278459 at *2 (D. Minn. June 6, 2004) ("Defining electronic communications service to include online merchants or service providers like Northwest stretches the ECPA too far"); *Crowley v. Cybersource Corp.*, 166 F.Supp.2d 1263 (N.D.Cal.2001) (finding that an online retailer did not constitute an electronic communication service provider) *Andersen Consulting LLP v. UOP*, 991 F.Supp. 1041 (N.D.Ill.1998) (finding that users and providers of electronic communication services are not necessarily synonymous); but see *United States v. Mullins*, 992 F.2d 1472, 1478 (9th Cir.1993) (stating that an airline, though a computerized travel reservation system accessed through terminals by travel agencies, constituted a provider of electronic communication services).

■ The distinction is critical in this case. Northwest Airlines is not an electronic communications service provider as contemplated by the ECPA. Instead, Northwest Airlines sells its products and services over the internet as opposed to access to the internet itself. The ECPA definition of "electronic communications service" clearly includes internet service providers such as America Online, as well as telecommunications companies whose cables and phone lines carry internet traffic. However, businesses offering their traditional products and services online through a website are not providing an "electronic communication service". As a result, Northwest Airlines falls outside the scope of 18 U.S.C. § 2702 and the ECPA claim fails as a matter of law. The facts as pled to not give rise to liability under the ECPA. 18 U.S.C. § 2702(a) does not prohibit or even address the dissemination of business records of passenger flights and information as described in the complaint. Instead, the focus of 18 U.S.C. § 2702(a) is on "communications" being stored by the communications service provider for the purpose of subsequent transmission or for backup purposes.

## C. BREACH OF CONTRACT

The Plaintiffs base their breach of contract claim on Northwest Airlines' alleged violation of the privacy policy posted on its website. Northwest Airlines contends that a policy posted on its website does not constitute a contract. In addition, Northwest Airlines argues that even if the policy did constitute a contract, the Plaintiffs claim fails because they have not alleged any contract damages.[2]

■ To sustain a breach of contract claim, the Plaintiffs must demonstrate (1) the existence of a contract; (2) breach of the contract; and (3) damages which flow from the breach. *United States v. Basin Elec. Power Co-op.*, 248 F.3d 781, 810 (8th Cir.2001) (applying North Dakota law). The plaintiff bears the burden of proving each element. *Id.*

■ Having carefully reviewed the complaint, the Court finds the Plaintiffs'

2. The Plaintiffs did not respond to the Defendants' motion as it related to the dismissal of their breach of contract claim. It should be noted that the Plaintiffs filed a motion to amend their complaint on August 12, 2004, wherein they abandoned their breach of contract claim.

breach of contract claim fails as a matter of law. First, broad statements of company policy do not generally give rise to contract claims. See *Pratt v. Heartview Foundation*, 512 N.W.2d 675, 677 (N.D. 1994); accord *Martens v. Minnesota Mining and Manu. Co.*, 616 N.W.2d 732, 740 (Minn.2000). As such, the alleged violation of the privacy policy at issue does not give rise to a contract claim. Second, nowhere in the complaint are the Plaintiffs alleged to have ever logged onto Northwest Airlines' website and accessed, read, understood, actually relied upon, or otherwise considered Northwest Airlines' privacy policy. Finally, even if the privacy policy was sufficiently definite and the Plaintiffs had alleged they did read the policy prior to providing personal information to Northwest Airlines, the Plaintiffs have failed to allege any contractual damages arising out of the alleged breach. A plaintiff cannot recover for a breach of contract claim without showing damages resulting from the breach. The Plaintiffs have failed to allege any facts relating to the breach of contract claim which support the conclusory statements they have suffered damages. The breach of contract claim is subject to dismissal as a matter of law.

## III. CONCLUSION

Northwest Airlines' Motion to Dismiss (Docket No. 5) is GRANTED. The above-entitled action is dismissed without prejudice.